IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM SHARP,

           Plaintiff,

v.                                                    CIVIL ACTION NO. 2:20-cv-00774

ARAMARK FOOD SERVICES
CORPORATION and KATHY HUBB,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Complaint* (Document 1-1), *Defendant Aramark Food Service Corporation's Motion to Dismiss* (Document 4), the *Memorandum in Support of Defendant Aramark Food Service Corporation's Motion to Dismiss* (Document 5), *Plaintiff William Sharp's Response to Defendant Aramark Food Service Corporation's Motion to Dismiss* (Document 6), the *Defendant's Memorandum in Reply to Plaintiff's Response to Defendant Aramark Food Service Corporation's Motion to Dismiss* (Document 7), and all attendant documentation. For the reasons stated herein, the Court finds that the Defendant's motion should be granted in part and denied in part.

**FACTUAL BACKGROUND**

The Plaintiff originally filed his complaint in the Circuit Court of Kanawha County, West Virginia, on September 4, 2020. The matter was removed to this Court on November 25, 2020. The complaint alleges that the Defendants failed to provide the Plaintiff with protective gloves, which resulted in serious chemical burns on the Plaintiff's hands from contact with dishwasher detergent.

In particular, the Plaintiff asserts that while he was an inmate at the Denmar Correctional Center in Pocahontas County, West Virginia, he worked under the authority and supervision of Defendant Hubb.  Defendant Hubb was an agent and employee of Defendant Aramark, who provided kitchen services.  In the fall of 2019, the Plaintiff complained to Defendant Hubb that he required protective gloves to safely place detergent into the dishwasher.  The Plaintiff made numerous complaints, and Defendant Hubb agreed gloves were necessary.

Although the Defendants were informed of the need to provide protective gloves, they failed to do so.  Thus, the Plaintiff argues that the Defendants failed to provide the protective gear that could have prevented his injuries.  The Plaintiff further argues that as a result of the Defendants' conduct, he "suffered serious chemical burns from which he still suffers today" and has experienced "severe emotional and mental distress as well as severe pain and suffering." (Compl. at ¶¶ 9-10.)

Based on these allegations, the Plaintiff asserts claims for negligent/reckless conduct, vicarious liability, premises liability, negligent/reckless/wanton conduct and deliberate indifference in violation of the Eighth Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983.  The Plaintiff requests damages for pain and suffering, medical expenses, emotional and mental distress, disfigurement, punitive damages, court costs, pre-judgment and post-judgment interest and attorney's fees and expenses.

The Defendant Aramark filed its motion to dismiss on December 2, 2020.  The Plaintiff filed a response on December 16, 2020, and Defendant's reply was filed on December 23, 2020. The matter is ripe for review.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or

3

arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant Aramark asserts that it operates pursuant to a contract with the West Virginia Division of Corrections (WVDOC). The Defendant further asserts that its duties and responsibilities are set forth in the Request for Quotation (RFQ). Pursuant to the RFQ, the Defendant asserts that it does not provide any cleaning or sanitation supplies for the food service operations, nor does it provide the dishwashing equipment. The Plaintiff asserts that, pursuant to the terms of the RFQ, the Defendant Aramark was obligated to provide gloves for use in the food service operation. In view of the allegations contained in the complaint, the Court considers the

RFQ or contract between Defendant Aramark and the WVDOC to be an integral part of the Complaint.

Although the complaint is unclear on this point, the Plaintiff concedes in his response that he is not asserting a claim for deliberate indifference in violation of 42 U.S.C. § 1983 against the Defendant Aramark.  Moreover, the Defendant cannot be held vicariously liable on a claim for violation of 42 U.S.C. § 1983.  *See Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir. 1982).  Therefore, Count V should be dismissed against the Defendant.  The only remaining claims against the Defendant are negligent/reckless conduct, vicarious liability, and premises liability.

*A. Negligent/Reckless Conduct and Vicarious Liability*

The Plaintiff has asserted claims against the Defendant Aramark for negligent/reckless conduct and vicarious liability.  In particular, the Plaintiff asserts that the Defendant failed to ensure the kitchen was safe to work in, failed to provide the Plaintiff the proper protective clothing, and allowed the Plaintiff to work under conditions they knew were hazardous.  The Plaintiff further asserts that Aramark is vicariously liable because the individual Defendant Hubb was acting within the scope of her employment, and Defendant Aramark was responsible for providing compliance with workplace policies, including providing protective clothing or gear, to prevent inmate injuries.  The Defendant asserts that the Plaintiff has failed to identify a duty owed to the Plaintiff by the Defendant Aramark and, therefore, the Plaintiff's claim for negligence must be dismissed.

To establish a claim for negligence, a plaintiff "must prove that the defendant owed the plaintiff some duty of care; that by some act or omission the defendant breached that duty; and that the act or omission proximately caused some injury to the plaintiff that is compensable by

damages." *Hersh v. E-T Enterprises, Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013). The West Virginia Supreme Court has developed a test for determining whether a duty existed:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

*Id.* at Syl. pt. 3 (quoting Syl. pt. 3, *Sewell v. Gregory*, 371 S.E.2d 82 (1988)). "[T]he existence of a duty also involves policy considerations underlying the core issue of the scope of the legal system's protection." *Aikens v. Debow*, 541 S.E.2d 576, 581 (W. Va. 2000) (quoting *Robertson v. LeMaster*, 301 S.E.2d 563, 586 (W. Va. 1983)). "Such considerations include the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant." *Id.* Whether a defendant owes a duty to the plaintiff is a question of law for the court to decide. *Id.* at Syl. pt. 5.

In the instant case, the respective duties of the Defendant Aramark and the WVDOC are set forth in the RFQ. The RFQ provides that the Defendant Aramark is responsible for "the cost and expenses of . . . [a]ll paper, Styrofoam, plastic, gloves, aluminum foils, and any other disposable products used in food service operation." (Document 4-2 at 000027.) The RFQ further provides,

> Vendor shall be responsible for the supervision of routine cleaning, housekeeping, and sanitation in the food preparation service and storage areas. Vendor shall insure that high standards of sanitation are maintained and will be responsible for the supervision of trash and garbage removal from the dining and kitchen areas to designated site locations. Agency facilities herein listed will supply all necessary cleaning and sanitation supplies for the food service operation.

(Document 4-2 at 000023.)

As it relates to the provision of gloves, under the facts alleged here, the Court finds that these terms of the RFQ are ambiguous. The RFQ clearly indicates that the Defendant Aramark is responsible for the cost and expense of gloves. It also clearly requires the DOC to supply all necessary cleaning and sanitation supplies for food service operation. Importantly, however, it further states that the Defendant "has the responsibility for the supervision of routine cleaning…in the food preparation service…"

The Defendant argues that although it was responsible for the cost of gloves, it was not responsible for distributing those gloves to inmates. However, the Court finds that the duty to supervise all routine cleaning and sanitation in food preparation could reasonably include a duty to provide gloves to an inmate, who complains of chemical irritants while cleaning, in food preparation, and subject to the Defendant's supervision. Equally, the DOC's duty to supply all necessary cleaning and sanitation supplies for food service could reasonably include gloves. Having found an ambiguity in the language of the RFQ, as it relates to the duty to provide gloves, the Court finds it appropriate to consider evidence outside of the four walls of the RFQ, including the parties' actual practice. *Equinor USA Onshore Properties Inc. v. Pine Res., LLC*, 917 F.3d 807, 813 (4th Cir. 2019) (noting that, under West Virginia law, extrinsic evidence may be considered to aid in the construction of contracts where contract language is ambiguous). Therefore, the Court finds discovery related to the provision of gloves, under the facts presented here, would be helpful to the determination of the existence of duty. The Defendant's motion to dismiss the claim of negligence/reckless conduct and vicarious liability should be held in abeyance pending the submission of further evidence.

### B. Premises Liability

The Plaintiff also asserts that the Defendant had authority and control over the kitchen and was responsible for maintaining premises that were safe and free of hazards. The Plaintiff asserts, however, that the Defendant knowingly, negligently, recklessly and/or wantonly failed to follow protection policies and procedures and exposed the Plaintiff to dangerous premises that ultimately and proximately caused the Plaintiff's injury. The Defendant argues that the Plaintiff failed to allege any facts pertaining to the premises which would support a claim of premises liability.

The West Virginia Supreme Court has held that,

> In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, the trier of fact must consider (1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury.

*Mallet v. Pickens*, 522 S.E.2d 436, 447 (W. Va. 1999). Foreseeability is a dispositive element in premise liability cases because "before an owner or occupier may be held liable for negligence, he must have had actual or constructive knowledge of the defective condition which caused the injury." *Neely v. Belk Inc.*, 668 S.E.2d 189, (W. Va. 2008) (quoting *Hawkins v. United States Sports Assoc., Inc.*, 633 S.E.2d 31, 35 (2006)) (internal quotation marks omitted). Moreover, premises liability is limited to the extent that the dangers are "open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant." W. Va. Code § 55-7-28(a). A plaintiff cannot recover for injuries that were sustained from open and obvious dangers because an owner, lessee, or occupant owes no duty of care to protect others from such dangers. *Id.*

It is unclear, legally, that dishwasher detergent has a sufficient nexus to the premises to establish a cause of action for premises liability. As this district has previously noted, "premises liability typically involves some form of hazard, danger or nuisance on property causing an injury." *Porter v. W. Va. Regional Jail Corr. Facility Auth.*, No. 3:14-26583, 2015 WL 5698514, *5 (S.D. W. Va. Sept. 28, 2015) (J., Chambers) (finding that a claim for premises liability failed where "Plaintiff cites no cases, and the Court did not find any cases, to support his theory that a failure to provide medication can establish a cause of action for premises liability."). Accepting the factual allegations to be true, the Court can find no precedent to support the theory that injuries sustained from dishwasher detergent can establish a cause of action for premises liability. Accordingly, the Court finds that the claim for premises liability should be dismissed.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant Aramark Food Service Corporation's Motion to Dismiss* (Document 4) be **GRANTED IN PART AND HELD IN ABEYANCE IN PART**, as set forth herein. Specifically, the Court **ORDERS** that Counts IV and V against the Defendant Aramark be **DISMISSED** and that the motion be held in **ABEYANCE** with respect to Count III.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 5, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA